## HIDALGO COUNTY et al. v. HANEY.
### No. 9168.

Court of Civil Appeals of Texas. San Antonio.

Nov. 29, 1933.

Rehearing Denied Jan. 10, 1934.

Griffin, Kimbrough & Cox, of McAllen, and Davenport, West & Ransome, of Brownsville, for appellants.

A. W. Cameron and Kennedy Smith, both of Edinburg, for appellee.

MURRAY, Justice.

Appellee, Mrs. Annie Haney, brought this suit against Hidalgo county, seeking to recover on twenty interest-bearing time warrants of the aggregate sum of $10,000.

Judgment was rendered below for the full amount of the principal and interest of said warrants, together with a mandamus against the commissioners' court requiring it to pay this judgment out of a fund set aside for the necessary current expenses of the county.

On March 5, 1930, the commissioners' court of Hidalgo county accepted the bid of one A. L. Pickens to construct dipping vats and other facilities for the carrying on of tick eradication work in Hidalgo county.

On March 10, of the same year, the commissioners' court passed an order authorizing the issuance of interest-bearing time warrants, aggregating the principal sum of $30,-000, of which the warrants in this suit are a part. The order provided for the levying and collecting of a tax to pay interest and provide a 2 per cent. sinking fund for these warrants; but through inadvertence the tax rate was not inserted in the order. At a later date a nunc pro tunc order was passed and entered supplying this omission. In November, 1930, thirty-nine of these warrants, aggregating the principal sum of $19,500 were delivered to A. L. Pickens, being the contract price of the dipping vats, pens, chutes, fences, etc., which he had constructed for the county. Pickens sold twenty of these warrants to Mrs. Annie Haney, which are the warrants involved in this suit.

This cause was tried below before the judge, without a jury, and largely upon an agreed statement of facts, only one witness testifying, in addition to the agreement.

It is agreed that Hidalgo county had outstanding, at the time the warrants in suit were issued, twenty-one prior sets of interest-bearing time warrants, which were a charge against the general fund of the county, and that a tax rate of 24.63 cents on the $100 valuation would be required to take care of these warrants, including the warrants in suit. It was further agreed that there was no money on hand, and that there was outstanding about $122,000 worth of scrip warrants, which were a charge against the general fund. What these warrants were given for, when they were given, and whether or not they were properly registered, was not shown.

Charles D. Turner, county auditor, was called as a witness, and testified that the necessary current expenses of the county for the year 1931 would be at least $75,000, and that the same amount would be required in 1932 and 1933. There was no testimony as to the necessary current expenses for the year 1930.

■ Time warrants of a county, such as are involved in this suit, are nonnegotiable instruments, and Mrs. Haney took them subject to such defenses as the county might have against the original holder. In other words, Mrs. Haney stands in no better position than Pickens.

■■ Appellant's first assignment of error was based upon the proposition that these warrants were issued in violation of the provisions of section 7, art. 11, of our state Constitution, which provides, among other things, as follows: "But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent as a sinking fund * * *," and that therefore these warrants are null and void and of no effect. This contention is based upon the theory that there was not a sufficient margin remaining out of the 25-cent tax authorized by section 9 of article 8 of the Constitution to make the levy made for these warrants a valid levy.

The record does not disclose that the revenue to be derived from the 25-cent tax had been actually appropriated for other purposes before the levy was made, on March 10, to take care of the warrants in suit, but it is contended that the necessary current expenses would have to be taken into consideration in determining whether or not there was a margin. We think that in the absence of a direct showing that a part of this 25 cents constitutional tax had actually been appropriated for the necessary current expenses of the county, such expenses need not be taken into consideration in determining whether or not a sufficient margin existed at the time to make a valid levy. The record discloses that the county had other sources of revenue than the 25-cent tax. It might properly be presumed, in the absence of an actual appropriation of a part of this tax for necessary current expenses, that such expenses were to be paid from other sources. It is true that since the issuing of these warrants the commissioners' court of Hidalgo county has passed an order setting aside and appropriating 15 cents out of the 25-cent tax to take care of necessary current expenses; but this order can have no retroactive effect and operate to make warrants invalid, which were valid at the time they were issued. If such an order had been passed prior to the issuing of these warrants, this would have constituted an actual appropriation of a part of the 25-cent tax for current expenses, and only the remaining 10 cents could have been pledged for the payment of time warrants.

■ It is true, there was outstanding $122,-000 in scrip warrants, but, as the record does not show what these warrants were given for, when they were payable, whether or not they had been registered, and whether there were other sources of revenue from which they

might be paid, these scrip warrants cannot be taken into consideration in determining whether or not there was sufficient margin for the levy in question.

■ The record is insufficient to show that the levy made on March 10, 1930, to take care of the tick eradication warrants, was void, and we therefore hold that these warrants are valid.

We have come to this conclusion after consulting the many authorities cited by both sides.

Appellant urges that in City of Corpus Christi v. Woessner, 58 Tex. 462, it was held that only that portion of the 25 cents constitutional tax which will not be needed for current expenses of the county can be pledged for future debts. The facts in that case are so different from those in the present case that space will not permit pointing out all of the differences. There is no holding in that case that is at variance with what we have held here.

There are many cases throwing much light upon the questions here involved, but none of them are exactly in point. Some of these cases are: Stratton v. Commissioners' Court (Tex. Civ. App.) 137 S. W. 1170; City of Terrell v. Dessaint, 71 Tex. 770, 9 S. W. 593; City of Denison v. Foster (Tex. Civ. App.) 37 S. W. 167; Grimes County v. W. L. Slayton & Co. (Tex. Civ. App.) 262 S. W. 209; Lasater v. Lopez, 110 Tex. 179, 217 S. W. 373. None of these cases would be authority for holding that the levy involved herein was an invalid levy.

Appellant's second assignment of error complains of the finding of the trial judge that it was within the contemplation of the parties that these vats, etc., should be paid for out of current revenue. We sustain this assignment. This finding is not borne out by the record.

The conclusions we have arrived at render appellant's third and fifth assignments immaterial.

■ We sustain appellant's fourth assignment. The building of the vats, etc., was not an ordinary expense of the county.

■ However, we do not agree with the trial judge wherein he attempts to grant a mandamus compelling the commissioners' court to pay this judgment out of the 15 cents set aside to pay the necessary current expenses of the county.

Appellee is only entitled to have this judgment paid after paying all necessary current expenses of the county, and the interest on prior warrants of the county, and after a sinking fund of at least 2 per cent. has been provided for all prior warrants.

It follows that the judgment of the trial court will be affirmed wherein it grants judgment against the county for the amount of principal and interest due on these warrants, but that part of the judgment which requires this judgment to be paid out of the fund set aside for paying necessary current expenses of the county will be set aside, and judgment here rendered that this judgment be paid out of the surplus, if any, remaining after paying all necessary current expenses of the county and after paying all accrued interest and providing a sinking fund of at least 2 per cent. of the principal of all outstanding warrants issued prior to the warrants involved in this suit.